| |
|---|
| **Union Terrace Condominium v New York City Dept. of Fin.** |
| 2024 NY Slip Op 31025(U) |
| March 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 162031/2023 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARLENE P. BLUTH**                              PART                              14

*Justice*

-------------------------------------------------------------------------------X

UNION TERRACE CONDOMINIUM

                                Petitioner,

                          - v -

NEW YORK CITY DEPARTMENT OF FINANCE,

                              Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 162031/2023 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 10, 11, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27

were read on this motion to/for                     ARTICLE 78          .

Respondent's cross-motion to dismiss the petition is granted.

**Background**

Petitioner brings this case arising out of various tax liens issued against certain tax lots it owns. These tax lots were created for parking spots on petitioner's roof as referenced in the offering plan.  However, because easements to permit access to the roof were not secured, no parking spots were ever actually created and sold.  Apparently, petitioner did not pay the taxes associated with these lots and, eventually, liens were issued and then sold.

Petitioner observes that the tax liens were acquired by the Bank of New York Mellon ("BNY") and that BNY commenced a tax lien foreclosure case in Queens in 2022 for some of these lots (BNY subsequently discontinued that matter). It claims that it then asked respondent to modify the tax classifications for these lots. Petitioner complains that respondent refused to

**162031/2023   UNION TERRACE CONDOMINIUM vs. NEW YORK CITY DEPARTMENT OF FINANCE**
**Motion No.  001**

**Page 1 of 7**

[* 1]

eliminate the tax lots related to the parking spaces even though the spaces were never actually created.

Respondent cross-moves to dismiss on numerous grounds. First, it contends that petitioner did not properly serve respondent. It observes that respondent must be served pursuant to CPLR 311(a)(2), which requires that the commencing papers be served on the City's Corporation Counsel and the affidavit of service does not allege that the Corporation Counsel was served.

Respondent also argues that petitioner failed to exhaust its administrative remedies. It points out that there is a specific form that a landowner must fill out in order to request the modification. It also observes that as part of this application, petitioner would have to include a condominium declaration amendment submission and an acceptance letter from the Attorney General. Respondent emphasizes that it does not have the power to remove tax lots on its own because the condominium declaration has not been amended to remove them.

Respondent observes that it has included a link to an informational brochure about how to seek an amendment to a condominium declaration on its website and stresses that the Attorney General must approve the amendment before respondent can take action. It insists that petitioner's submission of a letter was not a sufficient request for the relief petitioner seeks. Respondent also argues that the only amendment to condominium declaration on file was from 1985 and that amendment did not alter the number of units or parking spaces.

It also argues that to the extent that petitioner complains about the taxes themselves, petitioner was required to bring a proceeding under Article 7 of the Real Property Tax Law and cannot challenge the imposition of those taxes in this proceeding.

**162031/2023   UNION TERRACE CONDOMINIUM vs. NEW YORK CITY DEPARTMENT OF FINANCE**
**Motion No.  001**

**Page 2 of 7**

In opposition to the cross-motion and in reply, petitioner claims that it is not proper for the City to levy taxes on petitioner based on an easement that never existed. It argues that respondent's cross-motion is filled with "alleged technical defaults" and insists that only if the easement was actually secured would the petitioner have to amend its documents to state that the parking lots were for sale.

Petitioner admits that it did not pay the taxes but argues that this should not be controlling because the taxes were issued against illusory tax lots. It contends that respondent essentially committed fraud, except for the scienter element, when it sold the tax liens to BNY. Petitioner argues that any limitations period relating to past tax years has not expired because it is merely challenging respondent's decision.

With respect to service, petitioner's counsel claims he gave the task to a "legal intern" and claims the intern confirmed that the papers could be served directly to respondent's offices on John Street in Manhattan.

**Service of Process**

CPLR 311(a)(2) provides that "Personal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows: upon the city of New York, to the corporation counsel or to any person designated to receive process in a writing filed in the office of the clerk of New York county."

There is no dispute that petitioner did not comply with the above provision of the CPLR. Instead, petitioner asserts that the legal intern who was supposed to serve the commencing papers called respondent and was told he could serve papers at 66 John Street and that respondent's website says papers can be served this way. The problem with these assertions is

162031/2023   UNION TERRACE CONDOMINIUM vs. NEW YORK CITY DEPARTMENT OF FINANCE
Motion No.  001

Page 3 of 7

3 of 7

that petitioner provided no support for them.  Petitioner did not include an affidavit from the legal intern and instead only includes entirely hearsay arguments about what the legal intern said or did.  Nor did petitioner include screenshots of the portions of the websites upon which it relies.

Simply put, more was required in order for this Court to set aside the clear directive in the CPLR section cited above.  Accordingly, the Court finds that it did not acquire jurisdiction over respondent.

**The Merits**

Even if the Court could consider the merits, the Court would grant the cross-motion to dismiss.  The petition, as respondent points out, is notably silent on many of the key actions and inactions that led to the issuance and sale of the subject tax liens.  Petitioner does not contest the fact that the latest condominium declaration on file is a 1985 amendment which specifically lists the tax lots for the parking spaces at issue here (NYSCEF Doc. No. 18 at 6-7). Petitioner does not dispute that it never sought to amend the condominium's declaration to remove the tax lots nor does it dispute that it has to get approval from the Attorney General in order to effectuate such an amendment.

It is axiomatic that offering plans and subsequent amendments fall under a statutory scheme administered, in large part, by the state Attorney General.   This detailed statutory scheme includes General Business Law § 352-e (a section entitled "Real estate syndication offerings") and regulations (*see* 13 NYCRR 20.1-20.5) promulgated by the Attorney General. As respondent point out, condominiums are taxed pursuant to Real Property Law § 339-y. Specifically, Real Property Law § 339-y(1)(a) provides that "each unit and its common interest,

**162031/2023   UNION TERRACE CONDOMINIUM vs. NEW YORK CITY DEPARTMENT OF          Page 4 of 7
FINANCE
Motion No.  001**

4 of 7

not including any personal property, shall be deemed to be a parcel and shall be subject to separate assessment and taxation by each assessing unit." In addition, Real Property Law § 339-s provides that amendments to a declaration have to be recorded and filed with the New York Department of State.

Petitioner does not address any of these statutes and regulations in reply or explain why it is not bound by them. Instead, petitioner appears to blame respondent for following the documents on file. The Court recognizes that the original offering plan specifically mentioned that these parking spaces were the subject of an ongoing litigation and that the spaces were not to be sold until that litigation was resolved (NYSCEF Doc. No. 2 at 3). And so the offering plan never promised that parking spaces would be available and, evidently, they were never sold to anyone. But petitioner does not explain why it never sought to amend the declaration at any time prior to this proceeding, why it didn't seek to rectify this issue when it received tax bills for the parking spaces or why it failed to pay those taxes.

And, of course, petitioner did not sufficiently explain in reply how respondent has the power to "redact" these tax lots. Tax lots were created and there is an offering plan (as well as an amendment to the declaration) that refers to them; it is not up to respondent to *sua sponte* erase them from the tax map. Respondent simply followed the records on file and its opposition papers make clear that there is a dedicated procedure to amend a condominium declaration. Petitioner ignored that procedure and merely sent a letter to respondent, which is not the agency that has the power in the first instance to make such a change.

Petitioner's remaining requests for relief are also wholly without merit. Petitioner did not meet its burden to adequately allege a sufficient basis to challenge the sale of the tax liens or to "redact the tax liens." As noted above, parking spaces are taxed under the Real Property Law so

**162031/2023   UNION TERRACE CONDOMINIUM vs. NEW YORK CITY DEPARTMENT OF**                **Page 5 of 7**
**FINANCE**
**Motion No.  001**

5 of 7

[* 5]

it was proper for respondent to tax these "tax lots." And petitioner admits it did not pay the taxes nor did it utilize the correct procedure to challenge tax assessments (an Article 7 proceeding). It also appears the time to challenge those tax assessments long passed as they are from years ago.

**Summary**

The Court understands petitioner's central point—that, practically, it makes no sense to issue taxes for parking spaces that never existed. But the *tax lots* existed and continue to exist. The burden was on petitioner to follow the right procedure to rectify the relevant documents to reflect that reality; it was not respondent's task to monitor the administration of petitioner's building. And petitioner, for whatever reason, did not bother to follow its obligations under the law to 1) amend its declaration, 2) pay its taxes or 3) properly challenge tax assessments. And petitioner did not properly serve respondent.

Clearly, this has become a big mess; tax liens were issued and sold as if petitioner has over a dozen parking spaces on the roof of the garage. But that is because there are corresponding tax lots. Unfortunately for petitioner, the problem cannot be resolved in ways the petitioner has already tried – by seemingly pretending it doesn't exist, by ignoring tax bills, by writing letters or by bringing an Article 78. This forty-year-old issue cannot be cleaned up with an Article 78 proceeding against this respondent. Luckily, respondent provided in its papers a roadmap to petitioner about how to remove the tax lots.

Accordingly, it is hereby

ORDERED that respondent's cross-motion to dismiss is granted; and it is further

**162031/2023 UNION TERRACE CONDOMINIUM vs. NEW YORK CITY DEPARTMENT OF FINANCE**
**Motion No. 001**

**Page 6 of 7**

6 of 7

ADJUDGED that the petition is denied and this proceeding is dismissed with costs and disbursements to be awarded to respondent by the Clerk upon presentation of proper papers therefor.

_3/27/2024_
**DATE**

**ARLENE P. BLUTH, J.S.C.**

| CHECK ONE: | | **X** | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | GRANTED | | DENIED | GRANTED IN PART | **X** | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**162031/2023   UNION TERRACE CONDOMINIUM vs. NEW YORK CITY DEPARTMENT OF FINANCE**
**Motion No.  001**

**Page 7 of 7**

7 of 7

[* 7]